**DUNCAN FIRM, P.A.**
James H. Bartolomei III (CA Bar 301678)
Email: james@duncanfirm.com
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
Fax: (501) 228-0415

**LAW OFFICES OF MICHAEL P. MANAPOL**
Michael P. Manapol (CA Bar No. 258300)
Email: michael@manapollaw.com
P.O. Box 252
Coppell, Texas 75019
Telephone: (310) 467-7283

*Attorneys for Plaintiff Caleb Cain Marcus, as Executor of the Estate of Helen Marcus*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| CALEB CAIN MARCUS, as Executor of the ESTATE OF HELEN MARCUS,<br><br>*Plaintiff*,<br><br>v.<br><br>OPEN INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>*Defendants*. | Case No.<br><br>**COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Caleb Cain Marcus, as Executor of the Estate of Helen Marcus, for his complaint against Defendant Open Inc., alleges upon personal knowledge as to his own conduct, and on information and belief based on the investigation of Plaintiff's counsel as to all other conduct alleged herein, as follows.

## I. INTRODUCTION

1. This is a case about copyright infringement under 17 U.S.C. §§ 101 et seq. caused by Defendant Open Inc., related to the unauthorized copying, reproduction, public display, and distribution of a copyrighted photograph of the Nobel laureate and author Toni Morrison (the "Photograph"), authored by the late photographer Helen Marcus, on the verified Instagram account @op_e___n, which Defendant owns and operates to promote its "Open" mindfulness business. Plaintiff Caleb Cain Marcus, as Executor of the Estate of Helen Marcus, owns the copyright in the Photograph or has the right to enforce the copyright in the Photograph, making Defendant liable to Plaintiff for copyright infringement.

## II. PARTIES

2. Plaintiff Caleb Cain Marcus ("Plaintiff") is an individual residing in Brooklyn, New York. Plaintiff is the nephew of the late photographer Helen Marcus and the sole executor of the Estate of Helen Marcus (the "Estate"), and brings this action in his capacity as Executor on behalf of the Estate, which owns all right, title, and interest in and to the copyright in the Photograph.

3. Defendant Open Inc. ("Open" or "Defendant") is a Delaware corporation registered with the California Secretary of State as "Open Inc. CA," Entity No. 4695128, with its principal place of business located at 2141 Walnut Avenue, Venice, California 90291, in this District Court's Western Division. On information and belief, Open owns and operates the website o-p-e-n.com, the "Open" mobile application, a mindfulness studio located at 57 Market Street, Venice, California 90291, and the verified Instagram account @op_e___n, which it uses to promote its subscription-based mindfulness business. Open can be served through its registered agent for service of process, Raed Khawaja, at 2141 Walnut Avenue, Venice, California 90291.

4. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave of Court to

amend this Complaint and insert the true names and capacities of said defendants when the same have been ascertained. Plaintiff is informed and believes, and upon such alleges, that each of the defendants designated herein as a "DOE" is a joint tortfeasor also legally responsible for the events alleged herein, and that Plaintiff's damages as alleged herein were also proximately caused by such defendants.

## III. JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

6. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

7. This Court has in personam jurisdiction over Defendant because Defendant maintains its principal place of business in Los Angeles County, California, and is therefore at home in this forum. Defendant has also availed itself of the privileges of conducting business in this District and the State of California, and committed the acts of copyright infringement alleged herein in this District, causing harm to Plaintiff.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant resides and may be found in this District, and pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the acts and omissions giving rise to the claims occurred in this District.

9. The Western Division is the proper division because Defendant maintains its principal place of business in Los Angeles County, and because a substantial part of the events giving rise to the claims occurred in Los Angeles County.

## IV. FACTUAL ALLEGATIONS

### A. The Importance of Copyright and the Bundle of Rights

10. Copyrights are the legal title to intellectual property by which creators of original works protect the moral and economic rights in those works.

11. Section 106 of the Copyright Act (the "Act") grants copyright owners the exclusive rights to reproduce, distribute, publicly display, and prepare derivative works of their copyrighted works, and control of the economic value of their work. The Act makes it illegal to publicly perform, publicly display, distribute, or reproduce a copyrighted work except in limited instances, and provides for actual or statutory damages.

12. In 1976, the Act was amended to give creators such as Helen Marcus, as the author of the Photograph, an automatic copyright in her photographs.

13. To file suit based on an alleged infringement, that automatic copyright interest must be registered with the United States Copyright Office, which was completed for the Photograph prior to filing suit and prior to the infringement alleged herein.

**B. Background on the Copyrighted Photograph**

14. Helen Marcus was an internationally known, critically acclaimed professional photographer based in New York, New York, and a past President of the American Society of Media Photographers (ASMP). She was renowned for her portraits of celebrated authors and writers. Upon her death, all right, title, and interest in and to her copyrighted works, including the Photograph, passed to and vested in the Estate.

15. Helen Marcus created numerous valuable photographs throughout her career and authored many iconic images that have generated substantial amounts of money through sales, licensing, and publishing. In the marketplace, professional photographs carry tremendous monetary value. The Estate earns revenue, in part, from licensing the photographs that Ms. Marcus authored, through its authorized licensing representative, Contact Press Images, and protects the economic value of those photographs and, when necessary, sues infringers that harm their value.

16. The Photograph at issue is an iconic black-and-white portrait of the author Toni Morrison, who would later receive the Pulitzer Prize and the Nobel Prize in Literature, authored by Helen Marcus in or about 1977 during a portrait session with Ms. Morrison. The Photograph is depicted below:



17. The Photograph was registered with the United States Copyright Office as part of Registration No. VAu 1-165-795, titled "Collection of Authors Portraits," with an effective date of registration of December 8, 2013, as a then-unpublished work.

18. Registration No. VAu 1-165-795 was issued to Helen Marcus. Plaintiff, as Executor of the Estate, owns, or has the right to enforce, the copyright in the Photograph, and has standing to bring this case.

19. The Photograph was registered with the United States Copyright Office long before Defendant's infringement alleged herein, entitling Plaintiff, at his election, to statutory damages and attorneys' fees under 17 U.S.C. §§ 412, 504, and 505.

**C. Defendant and Its Infringement of the Photograph**

20. On information and belief, Defendant owns, operates, and controls the verified Instagram account @op_e___n — an account with approximately 574,000 followers that links to Defendant's website, o-p-e-n.com, and includes a "Shop"

storefront — which Defendant uses to promote its “Open” brand, mobile application, classes, and subscription business for Defendant’s commercial benefit.

21. On information and belief, no later than March 2026, Defendant copied the Photograph, reproduced it on Defendant’s systems, and incorporated it into a promotional graphic overlaid with Defendant’s “Open” wordmark, the label “PSYCHOLOGY,” and promotional text, which Defendant published as the lead slide of a multi-slide post on @op_e___n titled “How They Became the Greats: The Routines of Legendary Writers,” accompanied by a caption beginning “Writing is a practice” (the “Infringing Post”).

22. From no later than March 8, 2026 through at least July 2026, Defendant reproduced, publicly displayed, and distributed the Photograph in the Infringing Post without permission, license, or authorization. The Infringing Post, as displayed on Instagram, is depicted below:




23. Plaintiff first discovered and documented Defendant’s unauthorized display of the Photograph on or about March 10, 2026. A screenshot of Defendant’s verified @op_e___n Instagram profile — showing approximately 574,000 followers, the link to o-p-e-n.com, and the Infringing Post displayed on the account grid — is shown below:




24. A screenshot of Defendant's website, o-p-e-n.com, as displayed in March 2026 — showing the website's banner and Defendant's designated contact address, support@o-p-e-n.com — is shown below:



25. As of March 10, 2026, the Infringing Post had garnered at least 2,355 "likes," 9 comments, and 103 re-shares, reflecting the commercial reach of Defendant's unauthorized exploitation of the Photograph.

26. At no point did Defendant or the DOE Defendants secure a license to the Photograph, and at no point did Plaintiff, the Estate, or Contact Press Images provide any permission or license for Defendants to exploit the Photograph. Plaintiff has never sold, licensed, or authorized exploitation of the Photograph to Defendant.

27. On July 2, 2026, Plaintiff, through counsel, sent Defendant written notice of its infringement by email addressed to Defendant at support@o-p-e-n.com and by certified U.S. Mail, return receipt requested, addressed to Defendant's studio at 57 Market Street, Venice, California 90291, identifying the Photograph, the copyright registration, and the Infringing Post, and demanding that the matter be resolved.

28. Defendant received Plaintiff's July 2, 2026 notice. On July 14, 2026, Defendant's agent signed for and accepted delivery of the certified-mail notice at Defendant's Venice studio, demonstrating Defendant's receipt of the notice.

29. Despite receiving the notice, Defendant never responded, never disclosed any license, and never compensated Plaintiff for its unauthorized exploitation of the Photograph.

30. Defendant's conduct amounts to willful copyright infringement. Defendant is a venture-funded commercial enterprise operating in the wellness industry in Los Angeles that knew or should have known that it was required to obtain a license before copying, displaying, and distributing a professional photograph in its commercial marketing. Defendant exploited the Photograph to promote its business without permission and, once caught, ignored Plaintiff's written demand, intentionally or recklessly disregarding Plaintiff's rights.

31. On information and belief, Defendant generated revenue and commercial benefit through the Infringing Post, including by attracting followers, engagement, and subscribers and promoting Defendant's application, classes, and brand, resulting in ill-gotten commercial advantage to Defendant as a direct consequence of its infringing actions.

32. Each unauthorized display of the Photograph required a separate license, as the Estate licenses its works under a "rights-managed" licensing model, with each medium (website, print, social media channel, video) requiring a separate license. Discovery will show the full extent of Defendant's unauthorized exploitation of the Photograph.

33. Under the actual damages suffered by Plaintiff, Plaintiff is entitled to seek an award of damages for each medium in which the Photograph was exploited by Defendant, in the amount of the fair market value of a license using the industry standard of a one-year license, multiplied by each year the Photograph was displayed, with each fraction of a year commanding a full one-year licensing fee under a rights-managed model, as opposed to a "royalty-free" license.

34. The willing seller/willing buyer hypothetical-license measure calculates damages based on the actual use of the copyrighted work. Whether Defendant might in fact have negotiated with Plaintiff or purchased at Plaintiff's price is irrelevant to whether hypothetical-license damages are available, and such damages are an acceptable and recognized form of actual damages recoverable under 17 U.S.C. § 504(b).

35. Plaintiff's damages are based on objective considerations of actual use, measured by the fair market value of license fees at established rates regularly paid by licensees in the market, based on factors such as the type of use, size of use, medium, and circulation.

36. Plaintiff can also show through discovery that Defendant directly and/or indirectly earned revenue and ill-gotten gains causally connected to its

infringing use of the Photograph, and Plaintiff can therefore establish a causal connection and relationship between the infringement, the revenue generated from the infringement, and the monetary remedy sought under 17 U.S.C. § 504(b), which is neither speculative nor arbitrary.

37. Without a license agreement between Defendant and Plaintiff or any cognizable defense, Plaintiff had no choice but to file suit to protect Plaintiff's intellectual property rights and to seek fair and just compensation for the pirating of Plaintiff's Photograph.

**D. Defendant's Removal of Copyright Management Information**

38. Helen Marcus, the Estate, and Contact Press Images distribute authorized copies of the Photograph and Ms. Marcus's other works with copyright management information ("CMI") within the meaning of 17 U.S.C. § 1202(c), including the name of the author, the name of the copyright owner, copyright notices and credits (e.g., "© Helen Marcus"), and identifying metadata embedded in and/or conveyed with authorized copies of the work.

39. On information and belief, the copy of the Photograph that Defendant reproduced, displayed, and distributed in the Infringing Post contained no such CMI: Defendant and/or the DOE Defendants intentionally removed and/or altered the CMI conveyed with the Photograph, including by stripping embedded metadata and any credit identifying Ms. Marcus, and overlaying the Photograph with Defendant's own "Open" wordmark and branding, without the authority of Plaintiff or the law.

40. On information and belief, Defendant distributed and publicly displayed the Photograph knowing that CMI had been removed or altered without authority of the copyright owner or the law, and knowing, or having reasonable grounds to know, that such removal or alteration would induce, enable, facilitate, or conceal infringement of Plaintiff's copyright, including by preventing viewers of

the Infringing Post from identifying Helen Marcus and the Estate as the author and owner of the Photograph.

## V. FIRST CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. §§ 106, 501)

41. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

42. Plaintiff, as Executor of the Estate, owns or holds the right to enforce the copyright in the Photograph, which was registered with the United States Copyright Office prior to the infringement and prior to the filing of this suit.

43. Plaintiff never provided authorization to Defendant or its partners, owners, agents, licensees, affiliates, employees, contractors, customers, or subscribers to use, copy, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Photograph.

44. Defendant directly infringed Plaintiff's copyright in the registered Photograph by copying, reproducing, publicly displaying, and distributing the Photograph on the verified Instagram account @op_e___n, without Plaintiff's authorization, in violation of 17 U.S.C. §§ 106 and 501.

45. In the alternative, Defendant is vicariously and/or contributorily liable for the infringement of the Photograph by its officers, employees, contractors, and/or agents, and by the DOE Defendants, because Defendant had the right and ability to supervise and control the content displayed on its Instagram account and website, and received a direct financial benefit from the infringement, and/or knew or had reason to know of the infringement and materially contributed to it.

46. Defendant's infringement was willful, intentional, and/or in reckless disregard of Plaintiff's rights, as alleged above.

47. Plaintiff has suffered actual damages as a direct and proximate result of Defendant's infringement.

48. Plaintiff is entitled to recover its actual damages suffered as a result of Defendant's infringement and the disgorgement of Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial, including any licensing fees that Plaintiff would have received had Defendant secured a valid license to the Photograph.

49. Alternatively, at Plaintiff's election, as a result of Defendant's willful infringement of Plaintiff's exclusive rights in the Photograph, Plaintiff is entitled to recover statutory damages of up to $150,000 pursuant to 17 U.S.C. § 504(c).

50. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

51. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive copyrights in the Photograph by Defendant and all persons acting in concert with Defendant.

## VI. SECOND CAUSE OF ACTION

**(Removal or Alteration of Copyright Management Information, 17 U.S.C. § 1202)**

52. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

53. Authorized copies of the Photograph are conveyed with CMI within the meaning of 17 U.S.C. § 1202(c), including the name of the author, the name of the copyright owner, copyright notices, and identifying metadata.

54. On information and belief, Defendant and/or the DOE Defendants, without the authority of Plaintiff or the law, intentionally removed and/or altered CMI from the copy of the Photograph exploited on the @op_e___n Instagram account, and/or distributed and publicly displayed the Photograph knowing that

CMI had been removed or altered, knowing, or having reasonable grounds to know, that such conduct would induce, enable, facilitate, or conceal infringement, in violation of 17 U.S.C. § 1202(b).

55. As a direct and proximate result of Defendant's violations of 17 U.S.C. § 1202, Plaintiff has been injured and is entitled to recover its actual damages and any additional profits of Defendant, or, at Plaintiff's election, statutory damages of not less than $2,500 nor more than $25,000 for each violation, pursuant to 17 U.S.C. § 1203(c).

56. Plaintiff is further entitled to recover its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b), and to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1) prohibiting Defendant from further violations of 17 U.S.C. § 1202.

## VII. RELIEF REQUESTED

57. Wherefore, Plaintiff prays for judgment against Defendant as follows:

a. Awarding Plaintiff damages derived from the infringing acts, including actual damages and disgorgement of Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages for copyright infringement of up to $150,000 pursuant to 17 U.S.C. § 504(c);

b. Awarding Plaintiff its actual damages and Defendant's profits, or, at Plaintiff's election, statutory damages of not less than $2,500 nor more than $25,000 per violation of 17 U.S.C. § 1202, pursuant to 17 U.S.C. § 1203(c);

c. Granting Plaintiff injunctive and other equitable relief pursuant to 17 U.S.C. §§ 502 and 1203(b)(1), enjoining Defendant, its officers, agents, vendors, servants, and employees, and all those acting in concert with them, from directly or indirectly

reproducing, publicly performing, publicly displaying, or distributing the copyrighted Photograph, and from removing or altering copyright management information;

d. Awarding prejudgment interest to the maximum extent permitted by law;

e. Awarding Plaintiff's attorneys' fees, costs, and expenses pursuant to 17 U.S.C. §§ 505 and 1203(b); and

f. Awarding such other and further relief as the Court deems just and proper.

## VIII. JURY TRIAL DEMANDED

58. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: October 2, 2026

Respectfully submitted,

**DUNCAN FIRM, P.A.**
**LAW OFFICES OF MICHAEL P. MANAPOL**

*/s/ Michael P. Manapol*
James H. Bartolomei III
Michael P. Manapol

*Attorneys for Plaintiff Caleb Cain Marcus, as Executor of the Estate of Helen Marcus*